IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID EARL GRAY,

    Petitioner,　　　　　　　　No. CIV S-07-1760 LEW JFM P

  vs.

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

    Respondents.　　　　　　　<u>ORDER</u>

/

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On January 18, 2008, the magistrate judge filed findings and recommendations recommending dismissal of this action due to petitioner's failure to exhaust state remedies with respect to any of the claims raised in the petition.  The findings and recommendations were served on petitioner and on the Attorney General of the State of California and contained notice to petitioner that any objections to the findings and recommendations were to be filed within twenty days.

    On January 28, 2008, petitioner filed a request for an extension of time to file objections to the findings and recommendations and for a stay of these proceedings pending

1

exhaustion of state court remedies. On February 12, 2008, petitioner filed a second request for extension of time to file objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. In particular, the court finds that petitioner has not exhausted state court remedies with respect to any of the claims raised in the instant petition.

In his January 28, 2008, request for extension of time and for stay of these proceedings, petitioner states that he "has no way of knowing how to exhaust his claims." As the magistrate judge indicated, the exhaustion requirement is satisfied if petitioner's claims are presented to the California Supreme Court and that court is provided a full and fair opportunity to consider those claims. See Picard v. Connor, 404 U.S. 270, 276 (1971). Because it is clear that petitioner's claims are unexhausted, no purpose would be served by extending petitioner's time to file objections to the findings and recommendations. Accordingly, petitioner's requests for extension of time will be denied.[1]

The authority of a federal court to stay habeas corpus petitions is limited and, for purposes of the instant action, is limited to petitions that contain at least one fully exhausted claim for relief. See Rhines v. Weber, 544 U.S. 269 (2005). The instant petition does not
/////

---

[1] As the magistrate judge also indicated, and petitioner acknowledges in his request for stay, the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). The tolling provision of 28 U.S.C. § 2244(d)(2) does not apply to pending federal habeas corpus petitions, and, as a general rule, the federal limitations period continues to run while a federal habeas corpus petition is pending. See Duncan v. Walker, 533 U.S. 167 (2001). For that reason, unnecessary extension of the instant action may in fact operate to petitioner's detriment.

contain any claims that have been presented to the California Supreme Court and, for that reason alone, petitioner's request to stay these proceedings will also be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's January 28, 2008 request for extension of time and for stay of these proceedings is denied;

2.  Petitioner's February 12, 2008 request for extension of time is denied;

3.  The findings and recommendations filed January 18, 2008, are adopted in full; and

4.  Petitioner's application for a writ of habeas corpus is dismissed for failure to exhaust state remedies.

IT IS SO ORDERED

Date: February 29, 2008

*Ronald S.W. Lew*

Honorable Ronald S.W. Lew
Senior, U.S. District Court Judge